UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL ALLEN O'NEILL,<br><br>                    Petitioner,<br><br>         v.<br><br>JEROME PRICE,[1]<br><br>                    Respondent. | No.  2:16-cv-0417 KJN P<br><br><br><br>ORDER |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Respondent moves to dismiss this federal habeas action, and lodged pertinent portions of petitioner's state court records. Petitioner filed an opposition. For the reasons set forth below, respondent's motion is granted, and the petition is dismissed without prejudice.

II. Prior Proceedings

Petitioner was convicted of felony driving under the influence with priors, and driving with a blood alcohol content over 0.08%. (ECF No. 1 at 26.) A number of sentencing

---

[1] The current Warden of the Deuel Vocational Institution is Jerome Price, who is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

enhancement allegations were found true. On May 20, 2015, petitioner was sentenced to a determinate term of five years in state prison. (ECF No. 1 at 26-27.)

On June 12, 2015, petitioner filed an appeal in the California Court of Appeal. On April 22, 2016, the case was fully briefed, and the appeal remains pending. People v. O'Neill, Case No. C079461 (Cal. Ct. App.) (ECF No. 1 at 162-79; Respondent's Lodged Document ("LD") 2.)

On June 8, 2015, petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court. (ECF No. 1 at 31.) On September 4, 2015, the El Dorado County Superior Court denied the petition in a reasoned decision. (ECF No. 1 at 28-30; 370-72.)

On October 7, 2015, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (LD 5.) On October 15, 2015, the California appellate court summarily denied the petition. (ECF No. 1 at 37.)

On November 9, 2015, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 7.) On February 3, 2016, the California Supreme Court denied the petition without comment. (ECF No. 1 at 38, 181.)

III. Standard of Review

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

IV. Discussion

Respondent moves to dismiss this federal habeas action because direct review is still pending in the state courts, rendering the instant petition premature. In his petition, petitioner concedes that his "presentence credit appeal is still pending in the Third District Court of Appeal." (Form petition at p. 8.)[2] Petitioner opposes the motion, claiming that on June 25, 2015,

---

[2] Respondent claims that the service copy of the federal petition as well as the petition scanned into CM/ECF are missing two pages, form petition pages two and eight. (ECF No. 8 at 3.)

he filed a motion seeking only in-custody credits and nothing further. (ECF No. 12 at 1.) He argues that "on appeal when a person seeks post-sentence credits, special circumstances that accompany habeas corpus [are] unnecessary," and provides a copy of his abstract of judgment which he claims "reflects the basis for his appeal." (Id.)

As a matter of comity, a federal court will not grant habeas relief to a person held in state custody unless he has exhausted all available state judicial remedies on every ground presented in his habeas petition. 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (the exhaustion doctrine is designed to give state courts a full and fair opportunity to resolve any federal constitutional claims before they are presented to the federal courts). To exhaust state judicial remedies, each claim must be fairly presented to and disposed of on the merits by the state's highest court. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). A claim has not been fairly presented unless the prisoner describes the operative facts and federal legal theory on which the claim is based. Duncan v. Henry, 513 U.S. 364, 365–66 (1995).

Similarly, federal courts must abstain from interfering in pending state proceedings, absent extraordinary circumstances that create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Interests of comity and federalism underlie the general rule and counsel federal courts to maintain respect for state functions, and to not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. See, e.g., Middlesex Cty. Ethics Comm. v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982); Dubinka v. Judges of Superior Court of State of California, Los Angeles, 23 F. 3d 218, 223 (9th Cir. 1994).

This abstention doctrine extends to situations where the prisoner has any post-conviction challenge to his conviction still pending in the state courts, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); see also Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (state remedies not exhausted where a state post-conviction proceeding is pending). The rationale

---

However, the form petition page two is scanned in as ECF No. 1 at 1. The form petition page eight was not scanned in; however, the hard copy of the petition maintained on paper, does contain the form petition page eight. The Clerk is directed to scan the form petition page 8 into CM/ECF.

1 is that "[i]f the prisoner's claim is meritorious, and if the state remedy is prompt and complete,
2 there is no need to bring post-conviction proceedings in federal courts." Sherwood, 716 F.2d at
3 633. Put another way, "even if the federal constitutional question raised by the habeas corpus
4 petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of
5 the petitioner's conviction on some other ground, thereby mooting the federal question." Id. at
6 634.

7 Here, the instant petition is premature because petitioner's conviction and sentence have
8 not become final. Petitioner's direct appeal is presently pending before the California Court of
9 Appeal, Third Appellate District, which may affect his habeas claim.[3] Sherwood, 716 F.2d at
10 634; cf. Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (a petitioner may only seek federal
11 habeas relief after his conviction and sentence become final by the conclusion of direct review or
12 the expiration of the time for seeking such review). The California state courts must be afforded
13 the opportunity to remedy any alleged constitutional violations in the first instance.

14 Even if petitioner has exhausted the instant claims by presenting such habeas claims in the
15 California Supreme Court, the issue here "is not one of exhaustion but rather is one of avoiding
16 interference with pending state criminal proceedings." Trammel v. Warden, Case No. 09-cv-
17 4195-AG, 2009 WL 2407665, at *1 (C.D. Cal. Jul. 31, 2009) (citing Sherwood, 716 F.2d at 634).

18 Accordingly, because petitioner's direct appeal remains pending in state court, which may
19 moot or otherwise affect his alleged constitutional claim before this court, petitioner must await
20 the outcome of his direct appeal before presenting his claim in federal court. The petition is
21 dismissed without prejudice.

22 V. Conclusion

23 In accordance with the above, IT IS HEREBY ORDERED that:

24 1. The Clerk is directed to scan the form petition page 8 into CM/ECF.

25 2. Respondent's motion to dismiss (ECF No. 8) is granted;

---

[3] The court takes judicial notice of the docket of the California Court of Appeal in No. C079461, available at http://appellatecases.courtinfo.ca.gov. See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records).

3. Petitioner's application for a writ of habeas corpus is dismissed without prejudice; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: June 23, 2016

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

onei0417.mtd.156

5