UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEAL O'NEILL,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | No. 2:16-cv-0417 KJN P<br><br><br>ORDER |

This petition for writ of habeas corpus was dismissed on June 23, 2016. Petitioner filed an appeal, and the Court of Appeals for the Ninth Circuit denied petitioner's request for a certificate of appealability. (ECF No. 25.) On March 29, 2017, petitioner again moved to reopen this action, repeating his claim that the appeal pending in state court addresses pre-sentence credits and not his underlying conviction. (ECF No. 26 at 1-2.) However, as explained in the June 23, 2016 order, because petitioner's conviction and sentence were not yet final, this court must abstain from addressing any challenge thereto. (ECF No. 13 at 3-4.) As the Ninth Circuit also explained to petitioner, "[t]he denial of appellant's request for a certificate of appealability does not preclude him from challenging his state conviction, once final, in a properly filed habeas petition brought pursuant to 28 U.S.C. § 2254." (ECF No. 25 at 1.) In other words, petitioner must wait until the state court resolves petitioner's sentence and the sentence becomes final before petitioner can seek habeas relief in federal court.

Once petitioner's sentence becomes final, he may file a new petition for writ of habeas corpus in federal court.[1] Petitioner is advised that documents filed by petitioner since the closing date will be disregarded and no orders will issue in response to future filings.

Accordingly, IT IS HEREBY ORDERED that petitioner's request to reopen this case (ECF No. 26) is denied.

Dated: April 18, 2017

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/onei0417.158

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). If petitioner's sentence is now final, he should file a new petition for writ of habeas corpus.